THE STATE OF MISSOURI, Defendant in Error, *v.* HENRY WASH-
BURN, Plaintiff in Error.

1. *Criminal law — Larceny — Indictment — Absence for purpose of avoiding
   arrest, equivalent to fleeing from justice — Construction of statute.* — Under
   an indictment for larceny the jury were properly instructed that the time
   during which defendant was out of the State or away from his usual place
   of abode, for the purpose of avoiding arrest or prosecution, should not be
   included in the period limited by the statute for the prosecution. Under that
   law (Wagn. Stat. 1120, § 28) absence for the purpose of avoiding arrest would
   amount to a "fleeing from justice."

### *Error to Miller Circuit Court.*

*Lay & Belch*, for plaintiff in error.

*A. J. Baker*, Attorney-General, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted at the September term, 1870, of
the Miller County Circuit Court for the crime of larceny com-
mitted in 1867. To avoid the bar of the statute of limitations,
the indictment alleged that immediately after the commission of
the larceny the defendant "did flee from justice and remain
away for the period of two years in some secret place to the
jurors unknown."

Upon the trial the defendant was convicted and sentenced to
the penitentiary. The evidence is not preserved in this record,
and we can only examine the instructions so far as to see whether
they were justified by any issue or allegation made by the indict-
ment. The indictment, to break the force and effect of the
statute of limitations, avers fleeing from justice only.

The second instruction given for the State tells the jury what
punishment they shall assess against the prisoner if they find that
he committed the offense, and then concludes as follows: "Pro-
vided, however, that they must further find that the crime was
either committed within three years prior to the finding of the
indictment in this cause, or that, if committed more than three

years before the finding of said indictment, the defendant did flee from justice to escape prosecution for the crime."

The eighth instruction declares that "any portion of the time the defendant may have been out of this State, or away from his former usual place of abode in this State, for the purpose of avoiding arrest or prosecution, cannot be received as a part of the three years the statute of limitations gives as a bar to the prosecution."

The statute fixes the period of limitations, but provides that "nothing contained in the two preceding sections — the sections defining the limitations — shall avail any person who shall flee from justice; and in all cases the time during which any defendant shall not have been an inhabitant of or usually resident within this State, shall not constitute any part of the limitation prescribed in the preceding sections." (2 Wagn. Stat. 1120, § 28.) That the second instruction is correct and responsive to the indictment there can be no doubt. The only difficulty is whether the eighth instruction was justified by any averment contained in the indictment. The twenty-eighth section of the statute embodies two alternative clauses, either of which will be a bar to the limitation. The indictment is rested on the first clause, and it is contended that the eighth instruction is founded upon the second. According to the statute, the time in which any defendant is not an inhabitant of or usually resident of this State is not to be counted. And this is so without regard to the motives which induced him to leave our jurisdiction. But the instruction tells the jury that any part of the time that the defendant may have been out of the State or away from his usual former place of abode, for the purpose of avoiding arrest or prosecution, will not be a bar under the statute. If he went away for the purpose of avoiding arrest or to escape prosecution, that would certainly be fleeing from justice. As we before said, there is no evidence preserved in this record, and we are bound to presume that the instruction was predicated on evidence properly before the court. We cannot say as matter of law that it was wholly unwarranted and unjustifiable.

16—VOL. XLVIII.

There is no error in the record that we can see; the motion for a new trial has no merits. The affidavits do not show that the defendant was in any way surprised, and they exhibit the clearest want of diligence.

The judgment must be affirmed. The other judges concur.